ABIJAH RICHARDSON, APPELLANT, V. JAMES A. CAMP-
BELL ET AL., APPELLEES.

[FILED MARCH 9, 1892.]

1. **Interest**: PENALTY OF HIGHER RATE, FOR NON-PAYMENT
   NOT ENFORCED.   Where money has been loaned at a specific
   rate of interest, as ten per cent, and the note contains a provis-
   ion that if not paid at maturity the maker shall pay twelve per
   cent thereafter, the higher rate is in the nature of a penalty,
   and the contract rate will continue as before the maturity of
   the note. (*Weyrich v. Hobelman*, 14 Neb., 432.)

2. ———: COUPONS: USURY.   Where a loan was made for five years
   at ten per cent, the interest being represented by coupon notes
   due in five years with interest from maturity, the loan being
   made at a time when the statute authorized twelve per cent,
   *held*, that a contract, legal when made, would be enforced not-
   withstanding a change in the statute reducing the rate of inter-
   est; second, that all the notes would be considered as parts of
   one transaction, and that if they, taken together, did not ex-
   ceed the limit fixed by law for the exacting of interest, the con-
   tract would not be tainted with usury.

REHEARING of case reported in 27 Neb., 644.

*L. C. Chapman*, for appellant, cited, contending that the
rule proposed by appellee was unconstitutional: *Hubbard
v. Callahan*, 42 Conn., 524 [19 Am. Rep., 564]; *Eaton v.
Boissonnault*, 67 Me., 540 [24 Am. Rep., 52]; *Cecil v. Hicks*,
29 Gratt. [Va]., 1 [26 Am. Rep., 393]; *Kellogg v. Lav-
ender*, 15 Neb., 260; *Cromwell v. County of Sac*, 96 U. S.,
51; Cooley on Con. Lim., 285; *Lincoln B. & S. Ass'n v.
Graham*, 7 Neb., 179; *Koenig v. O. & N. R. Co.*, 3 Id.,
383; *Brewer v. Otoe Co.*, 1 Id., 373.   As to coupons:
*Matthews v. Toogood*, 25 Neb., 102; Tiedeman on Com.
Paper, sec. 477; *Bell v. Arndt*, 24 Neb., 261.

*S. P. Davidson*, *contra*, cited, contending that the pro-
vision for twelve per cent was one for liquidated damages

and unenforcible: *Weyrich v. Hobelman*, 14 Neb., 434; *Hager v. Blake*, 16 Id., 13; *Toogood v. Mathews*, 25 Id., 99.

MAXWELL, CH. J.

This case was before this court in 1889, and is reported in 27 Neb., 644. A rehearing was granted upon the question of the rate of interest to which the plaintiff was entitled and the case is again submitted to the court. It appears from the record that the original loan was for $600 due in five years. This loan was made February 29, 1876, and at a rate of ten per cent per annum, with a provision that if not paid at maturity the note should draw interest at twelve per cent. This rate was lawful when the note in question was given. There were also five interest notes of sixty dollars each, payable five years from date, which were attached to the principal note and were, in fact, coupons.

Two questions are presented, viz., Can the plaintiff recover more than ten per cent from the maturity of the $600 note; and, second, is he entitled to interest on the coupons?

In *Weyrich v. Hobelman*, 14 Neb., 432, the note was to draw ten per cent to time of maturity and if not paid at that time to draw twenty-four per cent thereafter. The court held that the increased interest was in the nature of penalty and that the plaintiff could recover interest only at the contract rate, viz, ten per cent. (*Conrad v. Gibbon*, 29 Ia., 120.) The plaintiff is entitled, therefore, to but ten per cent interest upon the $600 note after it became due.

Second—In *Mathews v. Toogood*, 25 Neb., 99, it was held, in substance, that where the highest rate allowed by law is charged upon the principal note, interest cannot be allowed upon the coupon interest notes, the reason being that the several notes represent but one transaction and one indebtedness; therefore, if, considering the whole transaction, the interest agreed upon would exceed the legal

rate, the contract will thereby be in conflict with the statute. If the rate agreed upon is within the statutory limits this objection will not apply. In the case at bar the interest notes did not draw interest until the principal note became due and the contract was within the provisions of the statute; that is, it was not usurious when made, and may be enforced. The plaintiff is entitled to interest on the coupon notes. The former opinion in this respect will be modified to conform to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.