E. A. MORLING V. H. M. BRONSON ET AL.

FILED SEPTEMBER 20, 1893. No. 4593.

**Negotiable Instruments:** INSTALLMENTS DUE ON DIFFERENT DATES: OPTION OF HOLDER TO DECLARE DEBT TO BE DUE ON DEFAULT: NOTICE TO MAKER. A promissory note payable in installments, the consideration of which was the procuring of a loan for the maker by the payees, contained a provision that if default should be made in the payment of any installment when due, the whole note should become due at the option of the holder. *Held,* First, that the failure to pay any installment rendered the whole note due at the election of the holder; Second, that in the absence of a showing of fraud, want of consideration, or illegality in the contract, a court of equity would enforce the contract as made by the parties; Third, that the holder was under no legal obligation to notify the maker that by reason of the default he had elected to declare the whole note due; Fourth, that the court would not, on motion of a stranger, in default of an appearance by the maker and a plea of usury by him, add the amount of the commission note to the interest on the loan for five years in order to taint the transaction with usury.

ERROR from the district court of Boone county.     Tried below before TIFFANY, J.

*Charles Riley* and *Soper, Allen & Morling,* for plaintiff in error.

*J. A. Price, contra.*

RAGAN, C.

William S. Brown employed Ormsby Bros. & Co. to procure a loan of $700 for him, to be secured by a first mortgage on his real estate in Boone county, Nebraska, the loan to draw interest at the rate of seven per cent per annum, payable semi-annually, which they did. To pay them for their services, or commission for securing this loan, Brown executed and delivered to them his note for $76.15, payable in installments, the first installment due June 1, 1886, and one other installment each six months thereafter; each of said installments to draw interest at the rate of ten per cent per annum after maturity. The note contained a provision that if any installment should not be paid when due, it should cause the whole amount of the note to become due at the option of the holder thereof. The amount of this note was arrived at by computing two per cent on this loan for the five years it had to run. To secure the payment of the note Brown and his wife executed a mortgage to Ormsby Bros. & Co. on the same real estate which secured the loan they procured for him. This commission note, and mortgage securing the same, were afterwards sold to the plaintiff in error in this case, who brought this suit in the district court of Boone county to foreclose the mortgage. At the time the suit was brought Brown had paid two of the installments, seven of the installments were past due and unpaid, and two of the installments had not then matured. Due service was made upon Brown and his wife, but they made no appearance and were defaulted. The other defendants in error were made parties because they held third liens upon this property.

The plaintiff in error, in his petition, after setting up the giving of the note and mortgage to secure the same, and the assignment to him, set out the fact that Brown had made default in the payment of seven of the installments,

42

and that he, the plaintiff in error, for that reason, elected to declare the whole debt due. He prayed for an accounting of the amount due him, and for a decree of foreclosure. The court made a finding of the facts as above stated and rendered a decree for the installments that were due at that date, but refused to allow the whole note to be declared due, and expressly found and adjudged that one installment of $7 would not mature until December, 1890, and another installment would not mature until the first day of June, 1891. To these findings and decree the plaintiff in error excepted. A motion for a new trial was filed, and after the overruling of the same by the trial court, the plaintiff below brings the case here.

With counsel for plaintiff in error we say: It is difficult to understand on what principle the express and positive contract was disregarded by the court below. If Ormsby Bros. & Co. had sold Brown a wagon for $76.15 and had taken a note for the price, such as that in suit, and Brown had made default, what reason could there possibly be for relieving Brown from the effect of his contract? If they had rendered Brown services as a farm hand or physician, or an attorney, of the value of $76.15, and had taken his note therefor, payable in installments, why should they not be permitted to enforce the contract according to its terms? Here Ormsby Bros. & Co., procured a capitalist to make the loan to Brown, and he agreed that the value of their services was equal to two per cent of the amount of the loan for each year it had to run, and to pay for these services he gave Ormsby Bros. & Co. this note. On what principle, then, can this court say that one of the conditions of the written contract is a nullity, or is not enforcible, and hold that although Brown has made voluntary default, yet the consequences, solemnly agreed to in writing by him, shall not be permitted to follow. This provision, in the absence of a showing of fraud, want of consideration, or illegality in the transaction, is a valid provision. There is

in this record no pleading· or evidence of any fraud, want of consideration, or illegality in the transaction whatever. In fact, Brown does not appear·in the case. The objection made in the court below to enforcing the contract as made came from a stranger. There being no fraud, or illegality, or want or failure of consideration for the contract, the courts cannot relieve Brown from the consequences of his default. Courts can only enforce a contract as made. They do not sit to make contracts for parties or relieve them of the consequences of a breach of their agreements. It is not for us to inquire into the purposes of the parties in introducing a condition into the note, or to express the opinion that in this respect the contract was a harsh or unfair one. All we can say is, that· the parties voluntarily entered into the contract, and they are bound by it, and must submit to the consequences provided for in case of its breach. (*Owens v. Butler County*, 40 Ia., 192; *Patton v. Bond*, 50 Id., 508.)

In *Whitcher v. Webb*, 44 Cal., 127, it is said: "If a promissory note, payable at a future day, provides for the payment of interest quarterly, and that if default be made in the payment of the interest quarterly that the whole note shall immediately become due at the option of the holder, a failure to pay the interest makes the principal due, and a court of equity will not relieve against the enforcement of a contract as made." The principle of that case is like the one at bar. The promise of Brown to pay this note in installments was absolute, and a failure on his part left it wholly optional with the holder to declare the entire debt due, and Brown was not entitled to notice in advance that, if he failed to pay any installment, the holder would insist upon his right to the whole debt.

Courts of equity will sometimes interfere to relieve a party who has been betrayed by the unconscionable or illegal or fraudulent conduct of another, but this case is not such an one. The contract is fair in its terms. There

is nothing contrary to equity or good conscience in it. It surely cannot be said to be against conscience that one should be held to the performance of his contract fairly made. The fact that the note in suit was given for commissions for procuring a loan afforded no reason whatever, so far as the evidence in this record shows, for the refusal of the court to enforce it. The amount of the note, added to the five years' interest on the loan procured, would not taint the transaction with usury; and if it did, in the absence of any appearance by the maker of the note and a plea of usury by him, this court would not, on motion of a stranger, adopt such construction to relieve the maker from the consequences of his contract. It follows from the foregoing that the court erred in not rendering the decree for the full amount of the note sued on. The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

THE other commissioners concur.