HOME FIRE INSURANCE COMPANY OF OMAHA, APPELLEE, v. WILLIAM FITCH ET AL., IMPLEADED WITH JOHN L. McCAGUE, APPELLANT.

FILED JUNE 15, 1897. No. 7347.

1. Interest. Where an obligation stipulates for a specified lawful rate of interest before maturity, and for a higher lawful rate thereafter, interest will be computed according to the terms of the contract.

2. Mortgage Bond: EXTENT OF LIEN. A coupon bond secured by a real estate mortgage contained a provision that "it is secured by a first mortgage on real estate in Douglas county, Nebraska, which mortgage secures this note only to the aggregate amount of $1,500." Held, To be a limitation upon the amount of the mortgage lien.

APPEAL from the district court of Douglas county. Heard below before WALTON, J. Modified.

Howard B. Smith, for appellant.

W. H. De France and John F. Talbot, contra.

NORVAL, J.

This is an appeal from a decree foreclosing a real estate mortgage, given to plaintiff and appellee, the Home Fire Insurance Company of Omaha, by William Fitch and wife to secure their coupon bond for $1,500, bearing date October 9, 1889. Subsequent to the execution and recording

of the mortgage, the premises were conveyed to the defendant John L. McCague, the present owner of the fee.

The first question argued is that the court erred in its computation of the amount due plaintiff, in allowing interest on the principal sum at eight per cent before maturity of the debt, and ten per cent thereafter; and *Richardson v. Campbell,* 34 Neb., 181, is cited in support of the contention. Interest was calculated according to the terms of the bond, which was in conflict with the rule stated in *Richardson v. Campbell, supra.* In that case it was decided that when a note provides for one rate of interest before maturity, and for a higher rate thereafter, the higher rate will be regarded as penalty and the obligation will draw the same rate after maturity as it did before that time. This proposition was disaffirmed, and the case in which it was announced, as to that point, was especially overruled in *Havemeyer v. Paul,* 45 Neb., 373, which fact counsel for appellant omitted to mention in his brief. In the case at bar interest was computed at eight per cent from date until due and ten per cent after maturity, which was clearly right and in harmony with the rule in *Havemeyer v. Paul, supra.*

Lastly, it is insisted that plaintiff was awarded a lien on the real estate for too large a sum. The bond secured by the mortgage in question contained a provision that "it is secured by a first mortgage on real estate in Douglas county, Nebraska, which mortgage secures this note only to the aggregate amount of fifteen hundred dollars." This sum limited the amount of the lien of the mortgage, yet plaintiff, by the decree, was given a lien on the mortgaged premises for the sum of $1,811.65. This was error. The decree is modified by reducing the lien on the land to $1,500, but in all other respects it is affirmed.

DECREE MODIFIED.