EASTERN BANKING COMPANY, APPELLEE, V. ANNA C. SEELEY ET AL., APPELLANTS.

FILED JUNE 23, 1898. No. 8194.

Mortgages: DEFAULT IN INTEREST: ELECTION TO DECLARE DEBT DUE: NOTICE. A note, and a mortgage securing it, provided that if default should be made for ten days in the payment of any interest after it should become due, then at the mortgagee's election the whole debt should become due and payable, and that no notice need be given of such election. *Held*, That there was nothing in such contract beyond the power of the parties to make, and that on default in payment of interest according to the terms of the contract the mortgagee might foreclose for the whole debt, without previously notifying the mortgagor of his election so to do.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Affirmed*.

*Francis G. Hamer,* for appellants.

*N. P. McDonald, contra.*

IRVINE, C.

The defendants executed and delivered to the plaintiff their note secured by mortgage. Both note and mortgage contained a provision that if default should be made in the payment of any interest for ten days after the same should become payable, then the principal and accrued interest should at once become due at the election of the mortgagee and that no notice of such election should be required. A suit to foreclose was begun alleging a default for more than ten days in the payment of certain interest installments and an election to treat the whole debt as due. A decree of foreclosure was rendered and the defendants appeal, claiming that they were entitled to notice of plaintiff's election to treat the whole sum as due, at least as a condition to their being subjected to costs.

It has been held that where the note did not expressly provide that no notice was necessary, still notice was not required of the mortgagee's intention to proceed to collect the whole debt. (*Morling v. Bronson,* 37 Neb. 608.) We know of no principle of law whereby it is put beyond the power of the parties to contract that no notice need be given of the election, and here they have expressly so contracted. Commencing suit was a sufficient act to establish the election to so proceed, and no previous notice was necessary.

AFFIRMED.