CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, APPEL-
LANT, V. JOHN WESTERHOFF ET AL., APPELLEES.

FILED APRIL 6, 1899.   NO. 8817.

1. **Mortgages: DEFAULT: RIGHT TO DECLARE DEBT DUE.** A mortgage
provided that if default was made in the payment of the interest
on the debt, the payment of which was secured by the mortgage,
the whole of the indebtedness should become due and collecti-
ble without notice of condition broken. *Held*, A contract within
the power and right of the parties to enter into, and enforceable
according to its terms. (*Eastern Banking Co. v. Seeley*, 55 Neb.
660 )

2. ——: ——: PLEADING: ADMISSIONS. *Held*, That a default in pay-
ments was admitted by the answers.

3. ——: INTEREST: COUPONS. An interest coupon which provides for
a higher rate of interest from its maturity than is exacted on the
principal sum by the note to which coupon is attached may be
legal and may be enforced in strict accord with its terms.

4. ——: ——: PENALTY. A provision in a note and the mortgage
by which the payment of the debt evidenced by the note is
secured that in the default of the payment of the semi-annual
interest installment the whole debt shall bear interest at a
higher rate than it would by its terms otherwise bear, is in the
nature of a penalty and will not be enforced.

5. ——: ——: JUDGMENTS. If parties have agreed upon a rate of
interest less than seven per cent per annum for the forbearance
of a debt, a judgment predicated upon the contract will bear
interest at seven per cent per annum. (*Havemeyer v. Paul*, 45
Neb. 373.)

6. ——: ——: ——. If parties have contracted for a rate of in-
terest greater than seven per cent per annum, a judgment which
has for its basis said contract will bear the rate of interest fixed
by the contract. (*Havemeyer v. Paul*, 45 Neb. 373.)

APPEAL from the district court of Seward county.
Heard below before BATES, J. *Reversed.*

*Samuel J. Tuttle*, for appellant.

*E. C. Biggs* and *J. J. Thomas*, contra.

HARRISON, C. J.

On April 2, 1894, the appellee John Westerhoff and
his wife executed and delivered to the appellant a prom-

issory note in the sum of $1,800, payable five years after date, to bear interest at the rate of six per cent per annum, payable semiannually. The note had attached to it ten coupons, each of which evidenced the indebtedness of the makers of the principal note for an installment of the interest which was to become due thereon. In the principal note appeared this sentence: "This note to draw nine per cent interest per annum after default in payment of principal or interest," and in each coupon there was the statement that "This note bears interest at nine per cent after due." To secure the payment of the note and interest there was made and delivered a mortgage on a piece of real estate, and in the mortgage was embodied the following provision: "And it is agreed that if default shall be made in the payment of the said notes, or any part of the interest thereon, promptly as they mature, * * * then all of the said notes, and the whole of the indebtedness secured by this mortgage, * * shall become due and collectible at once, by foreclosure or otherwise, and without notice of broken conditions. * * * And it is hereby agreed that after any default in the payment of the principal or interest, the whole indebtedness secured by this mortgage shall draw interest at the rate of nine per cent per annum." It appears that the note was executed for the amount of a loan made by the appellant to John Westerhoff, one of the appellees, that the agreed rate of interest of the loan was seven per cent per annum, of which one per cent per annum for the time of the loan, or $90, was collected at the time of the inception of the loan. The appellant commenced this action in the district court of Seward county on April 17, 1895, and alleged for cause that there had been default in payment of each of the two first installments of interest due on the note, whereby the whole indebtedness had become due and the conditions of the mortgage had been broken. A foreclosure was asked and the allowance of interest at the rate of nine per cent per annum on the whole sum from the date of the first default. In the

answer of the appellees, the Westerhoffs, the execution
and delivery of the notes and mortgage were admitted,
and it was pleaded that at a date subsequent to the ma-
turity of the first interest coupon the amount thereof,
with nine per cent per annum from its maturity, also the
amount of the second coupon to become due, was ten-
dered to the appellant; that of such tender there was a
refusal; that like tender was made at a later date, but
was refused, as was a third and still later one. These
tenders were to different parties and at different places.
The district court, on trial, dismissed the action and the
mortgagee has appealed.

There are but two main questions presented in the ap-
peal, viz.: Was the appellant entitled to enforce the note
and mortgage as past due because of the default in the
payment of the interest; and in this connection was there
evidence of the default or a lack thereof? Second—If
entitled to foreclosure, should the decree be for nine per
cent per annum from the date of the default in payment
of the interest coupon?

Of the latter branch of the first question it must be
said that in the answer there were statements which in
effect constituted an admission of the failure to pay the
amount of the first coupon at its maturity, and as to the
first and main point of that question, that it is well es-
tablished that for any default in the payment of the in-
stallments of principal or interest provided in a note and
mortgage, or either, the further provision of the accel-
erated maturity of the debt or portions thereof is not a
forfeiture and may and will be enforced as the allowable
contract of the parties. (*Pope v. Hooper,* 6 Neb. 178; *Low-
enstein v. Phelan,* 17 Neb. 430; *Morling v. Bronson,* 37 Neb.
608; *Eastern Banking Co. v. Seeley,* 55 Neb. 660; Pomeroy,
Equity Jurisprudence sec. 439; *Wheeler v. Howard,* 28 Fed.
Rep. 741; *Whitcher v. Webb,* 44 Cal. 127.) And the tender
of the overdue interest after the default did not deprive
the mortgagee of his right of foreclosure. (*Swearingen v.
Lahner,* 61 N. W. Rep. [Ia.] 431.)

In regard to the second question it must be said that the portions of both note and mortgage (in them there was coincidence) in which it was provided that on default in payment of either principal or interest the whole sum due should bear interest at nine per cent per annum, which was coupled with a further provision in the mortgage that in the event of such default the whole debt should become due and collectible, attached something additional to the amount which was to be paid for the use of the principal sum, not because of any default directly in its payment, but for default in payment of a sum or the sums to be given for its use. The amounts to be paid for the use of the principal sum had been definitely fixed and set forth in terms in both note and mortgage, and the additional amount to be borne because of default in payment of interest was within the principle approved by this court in *Upton v. O'Donahue*, 32 Neb. 565, and *Hallam v. Telleren*, 55 Neb. 255, of the nature of a penalty, and will not be enforced.

It follows from what has been said that the judgment of the district court will be reversed and the cause remanded to that court with instructions to enter a decree of foreclosure for the amount of the note and mortgage and interest at six per cent per annum from the commencement of the action,—this portion of the decree to bear interest at seven per cent per annum; also for the amount due on interest coupons with interest at nine per cent per annum from the defaults in payments, and interest at the same rate on this branch of the decree.

REVERSED AND REMANDED.

HARRISON, C. J., on motion for rehearing.

The adjudication by the district court of Seward county of the matters of litigation in this, an action of foreclosure of a real estate mortgage, was appealed to this court and submitted; and in an opinion reported in 58 Neb. 379, there was set forth the decisions of the questions

presented.  A motion for a rehearing was filed, which
is now pending.  In one ground of the motion there
is complaint of the portion of the opinion in which it
was determined that the appellant was not entitled
to nine per centum per annum interest on the princi-
pal of the debt secured by the mortgage from a ma-
turity of it, which became of existence by reason of a
failure to pay an installment of interest (for the pro-
visions of the note and mortgage relative to interest,
maturity of principal, and other facts, see the opinion
to which we have referred), and it has been suggested
that we have in the determination of this point an-
nounced a doctrine in conflict with that established by
some of the late decisions of this court, and have re-
turned to the doctrine on this subject of *Richardson v.
Campbell,* 34 Neb. 181, which was overruled in *Have-
meyer v. Paul,* 45 Neb. 373, wherein it was held: "Where
a note provides for a lawful rate of interest from date
until maturity, and a higher and lawful rate of interest
afterwards, the rate of interest which the note draws
from its date to maturity is the contract rate for that
time; and the rate which the note draws after maturity
is the contract rate from that date, within the meaning
of section 3, chapter 44, Compiled Statutes 1893.  First
point of the syllabus in *Richardson v. Campbell,* 34 Neb.
181, overruled."  To the same effect see *Omaha Loan &
Trust Co. v. Hanson,* 46 Neb. 870; *Omaha Fire Ins. Co. v.
Fitch,* 52 Neb. 88; *Crapo v. Hefner,* 53 Neb. 251.  In the
cases to which we have just referred, commencing with
*Havemeyer v. Paul,* the sum of money loaned bore interest
at a specified rate from the time loaned until its definitely
fixed maturity; and it was provided in the contract of
the parties that if the principal sum was not paid at its
stated fixed maturity it should draw interest at an in-
creased rate; or the lender said to the borrower, "You
will pay me a designated rate of interest to a certain
named date on this money, and if you do not then pay it
to me, for the time subsequent which you keep it you

must pay for its use an increased rate of interest," and to this the borrower acceded, and this it was held is enforceable. In the case at bar a different question arises. It was not because the fixed date for payment of the principal had arrived, and default had been made, that the holder of the evidence of the indebtedness and its security sought relief under them, and for an increased rate of interest as provided in the contract, but it was by reason of the non-payment at the time agreed upon, and prior to the designated maturity of the principal, of an installment of the amount to be paid for the use of the principal and by which default the lender might claim a maturity—an accelerated maturity—of the principal, and collect the amount contracted to be paid for the use of the money increased by a further sum, added, not because of a failure to pay the principal when it was due, and for its further use or forbearance, but because of the failure to pay a stated portion of the sum due for the use of the principal. This is in the nature of a penalty for non-payment of the installment of interest, and not an amount paid as per contract for the use of the money borrowed. This is not in conflict with the doctrine of the cases to which we have alluded, nor is it a return to the discarded rule of *Richardson v. Campbell*, *supra*. In the opinion we stated: "It follows from what has been said that the judgment of the district court will be reversed, and the cause remanded to that court, with instructions to enter a decree of foreclosure for the amount of the note and mortgage and interest at six per cent per annum from the commencement of the action,—this portion of the decree to bear interest at seven per cent per annum; also for the amount due on interest coupons with interest at nine per cent per annum from the defaults in payments, and interest at the same rate on this branch of the decree." (*Connecticut Mutual Life Ins. Co. v. Westerhoff*, 58 Neb. 382.) This should be modified to read after the word "action": "To the date of the original contract maturity of the debt, and thereafter

Chicago, B. &. Q. R. Co. v. Bond.

the interest on the debt to date of decree and on the decree to be at nine per centum per annum; to be included in the decree the amount due on coupons with interest from the maturity of each at nine per centum per annum."

REVERSED AND REMANDED.