TESORO PETROLEUM CORPORATION, A CORPORATION, APPELLANT, V. ALVIN W. SCHMIDT AND DEAN'S SERVICE CO., A CORPORATION, APPELLEES.

316 N.W.2d 290

Filed February 5, 1982. No. 44438.

Jim Zimmerman of Atkins, Ferguson, Hahn, Zimmerman & Carney for appellant.

Holtorf, Kovarik, Nuttleman & Ellison, P.C., for appellees.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

This was an action to recover judgment on a promissory note brought by the plaintiff, Tesoro Petroleum Corporation, against the defendants, Alvin W. Schmidt and Dean's Service Co., a corporation. Trial to the court alone resulted in judgment in favor of the plaintiff and against Dean's Service Co. in the amount of $19,035.55, but in favor of Schmidt as to whom the action was dismissed. It is from this last action of the District Court that Tesoro has appealed, assigning as error the admission of parol evidence surrounding Schmidt's execution of the note and the sufficiency of the evidence to support a judgment of dismissal in favor of Schmidt.

Dean's Service Company was incorporated by Schmidt's wife, Maxine, who was the president and sole stockholder. Schmidt was the vice president and secretary, as well as manager of the gasoline service station operated by the corporation in Scottsbluff.

The service station was owned by Tesoro and was the subject of a lease between Tesoro and Dean's which was executed for the latter by Schmidt in his representative capacity as vice president. He was the one principally involved with Tesoro in the regular business dealings, and the invoices for goods received from Tesoro were marked with the names "Dean's Service Co." and "A. W. Schmidt." Schmidt paid all the bills from the corporate checking account.

For reasons not apparent on the record, Dean's Service Co., Inc., executed a promissory note on July 1, 1976, payable to Tesoro Petroleum Corporation in the amount of $13,779.09. That note is reproduced in full as follows:

## PROMISSORY NOTE

$ 13,779.09 ............ San Antonio ......., Texas, *July 1st 1976* .....
jointly and severally
For value received, I, We, or either of us, as principals/promise to pay to the order of __Tesoro Petroleum Corporation,
Post Office Box 17536, 8700 Tesoro Drive .......................................................
.................................. in the City of ..San Antonio ......................... Bexar ............ County, Texas, the sum of
Thirteen thousand seven hundred seventy nine and 09/100 ***************** Dollars ($ 13,779.09 ),
in legal and lawful money of the United States of America, with interest thereon from date hereof until maturity at the rate
of................ eight ........................................... ....per cent ( ..... 8 %) per annum, the interest payable
....................... ............................; matured unpaid principal and interest shall bear interest at the rate of ten per cent
(10%) per annum from date of maturity until paid
This note is due and payable as follows, to-wit:
The first payment of $3,779.09 due on September 1, 1976 with the
remaining $10,000.00 being retired by thirty-six (36) equal monthly
payments of principal and interest in the amount of $ 313.36
each beginning October 1, 1976, and each successive payment be-
coming due and payable on the first day of each succeeding month.

It is expressly provided that upon default in the punctual payment of this note or any part thereof, principal or interest, as the
same shall become due and payable, the entire indebtedness evidenced hereby shall be matured, at the option of the holder. In
the event this Note, or any part hereof, is collected through Probate, Bankruptcy or other judicial proceedings by an attorney
or is placed in the hands of an attorney for collection after maturity, then the undersigned agree and promise to pay a
reasonable attorney's fee for collection, which in no event shall be less than ten per cent (10%) of the principal and interest
then owing.

Each maker, surety and endorser of this Note expressly waives all notices, demands for payment, presentations for payment,
notices of intention to accelerate the maturity, protest and notice of protest, as to this note and as to each, every and all
installments hereof, and each consents that the payee or other holder of this Note may at any time, and from time to time,
upon request of or by agreement with any of us, extend the date of maturity hereof or change the time or method of
payments without notice to any of the other makers, sureties or endorsers, who shall remain bound for the payment hereof.

Address ...Scottsbluff, Nebraska 69361 ...
........ .. ................ By: _____
'Date: _9/1/76_____ Dean's Service Co., Inc.    Alvin W. Schmidt
..............................

Other than the state of the signatures, we would
only call attention to the words "jointly and severally"
which were apparently added with a typewriter to a
printed form near the top of the note.

Tesoro's petition alleged that no payments have been
made on the note, that demand had been made upon
both parties for payment of the same on December
21, 1976, and prayed for judgment for the face
amount of the note plus interest, according to its
terms. Schmidt's answer contained a general denial,
and he also raised the defense that his signatures
on the note were made in a representative capacity
and did not give rise to a personal obligation on
his part.

At trial Schmidt admitted the authenticity of the
signatures and the validity of the debt at the time of
execution of the note. He made no claim that any pay-
ments had been made. He was permitted, over the

objection of Tesoro, to testify that at the time he signed the note he had not intended to become personally obligated on the same. No other testimony was offered to the court. The note, however, was received in evidence.

The note in question comes within the form of a negotiable instrument as it is described in Neb. U.C.C. § 3-104 (Reissue 1980). Therefore, the resolution of the issue regarding Schmidt's personal obligation on the note is governed by Neb. U.C.C. §§ 3-401 et seq. (Reissue 1980) in general, and § 3-403 in particular. These sections also govern in part the admissibility of parol evidence to prove or disprove personal liability on a note, which is the primary issue before the court at this time.

Section 3-403 governs the liability of one who signs an instrument as an authorized representative of another. The record sufficiently establishes that Schmidt was an authorized representative of Dean's Service Co. at the time he signed the note in question. The fact that the note identifies the "person represented," namely Dean's Service Co., Inc., removes subsection (2)(a) from consideration, allowing the focus to be shifted to subsections (2)(b) and (3) only. These sections provide: "(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity; (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity. (3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a

representative capacity."

In this case, Schmidt's signature appears on the note twice. The signature, which appears in the following form,

"/s/ Alvin W. Schmidt, Mgr.
By /s/ Dean's Service Co., Inc.
Dean's Service Co., Inc."

fits well within the provisions of § 3-403(3). The name of an organization, Dean's Service Co., Inc., is preceded by the name and office of an authorized individual, Alvin W. Schmidt, Mgr. Therefore, this signature was clearly "made in a representative capacity" as a matter of law and need be considered no further.

However, with regard to the second signature, shown below, Schmidt contends it is ambiguous and justifies the admission of parol evidence, a contention with which the trial court agreed.

"/s/ Alvin W. Schmidt, Mgr.
/s/ Mgr.
By /s/ Dean's Service Co., Inc. /s/ Alvin W. Schmidt
Dean's Service Co., Inc.   Alvin W. Schmidt"

Schmidt argues that a reasonable construction of the signature appearing above the typed name of Alvin W. Schmidt, when read in conjunction with the remaining signatures, meets the requirements of § 3-403(2)(b), a section which, he alleges, allows the admission of parol evidence to show that the signature was in fact made in a representative capacity.

The other side of the argument, of course, is that the second signature was entirely superfluous to the obvious representative execution of the note and that the note was drafted with the intent that both Dean's Service Co., Inc., and Alvin W. Schmidt be bound to the note, as is apparent from the typewritten addition to the note of the words "jointly and severally." As such, the signatures and the note are not ambiguous and do not permit the admission of parol evidence.

However, we do not find it necessary to resolve this

question regarding the admissibility of parol evidence. As will be apparent from the discussion to follow, we do not believe that the evidence offered by Schmidt was sufficient to overcome his burden to prove that the note was not signed in his personal capacity.

In *Seale v. Nichols*, 505 S.W.2d 251 (Tex. 1974), a similar problem was presented to the court. A note was signed with the name of an organization appearing in typewritten form, followed by the typewritten and then handwritten name of the defendant. It was Nichols' contention that the organization listed on the note was the name in which a corporation of which he was the president did business, and that he signed in a representative capacity. The holder of the note, the plaintiff, responded that the signature on the note was not ambiguous and, in any event, the note did not disclose that Nichols signed it in a representative capacity.

Certain portions of the Texas Business and Commerce Code appear to be identical to our § 3-403. The Texas court stated at 253-55: "We find it unnecessary to decide these problems because we have concluded that the summary judgment affidavit of Nichols is insufficient to raise a fact issue upon the affirmative defense of representation on which Nichols relies. . . . As we interpret the code, a person signing a promissory note is presumed to be personally obligated to the holder thereof unless he, as the maker, interposes a defense sufficient to relieve himself of the obligation. . . .

. . . .

"Section 3.403 [the same as Neb. U.C.C. § 3-403], above set out, provides the circumstances under which personal liability may be avoided. It follows that this section would also provide the circumstances in which parol evidence will be admissible to show the fact of the execution of the note in a representative capacity. The code, however, does not spell out the type of parol evidence necessary to raise this defense. . . .

. . . .

"Again viewing Nichols' affidavit broadly, it states that he signed the note as president of the corporation, thus clearly indicating his subjective intent to sign as an agent. However, nowhere does Nichols say that he disclosed his intent to Seale. Nor does his statement that '. . . I signed the promissory note . . . in the capacity of officer of such corporation and in behalf of such corporation and not in my personal capacity,' intimate that this intended capacity was communicated to Seale. This is his burden in the context of the summary judgment proceedings. Consequently, Nichols has not effectively raised a fact issue upon his alleged affirmative defense of representation and Seale's motion for summary judgment must be granted."

We are well aware of the rule that the judgment of a district court in an action at law where a jury has been waived will not be set aside on appeal unless clearly wrong. *Weber v. Swenson*, 207 Neb. 35, 295 N.W.2d 688 (1980). However, in this instance we find that mere subjective intent of the maker of a promissory note not to be personally bound is insufficient to rebut the presumption of personal obligation under § 3-403 when that intent is not shown to have been communicated in some manner to the other party to the note. The trial court was clearly wrong in determining that the evidence, even if admissible, was sufficient to support a dismissal of the action against Schmidt.

Tesoro contends that it should have been entitled to judgment in the amount of $19,035.55 against Schmidt, the total amount which the District Court found was due and owing on the note from Dean's Service Co. Schmidt does not dispute that amount. However, he does insist that where acceleration of the maturity of a debt on default is made optional with the payee, some affirmative action must be taken by him evidencing his election to take advantage of the provision. Of

course this is true. *State Security Savings Co. v. Pelster*, 207 Neb. 158, 296 N.W.2d 702 (1980). The petition filed by Tesoro alleges that a demand for payment was made upon Dean's Service and Schmidt on December 21, 1976, giving them until January 10, 1977, to pay the amounts due and owing on the note, but that payment was refused and that, on and after that date, "said note became due and payable on [sic] the entire indebtedness thereby became matured." Schmidt argues in his brief that "there was no evidence introduced of any demand other than the commencement of the suit."

Schmidt has answered his own argument. "The institution of a suit for the whole debt is, of course, the most solemn form in which the holder can exercise his option. This is well recognized and it is, hence, generally held that the institution of a suit on the bills or notes is notice of the most unequivocal character that the holder wishes to avail himself of his option for acceleration." Annot., 5 A.L.R.2d 968, § 5 at 975 (1949). Cited in the annotation as supporting the general rule is *Morling v. Bronson*, a commissioner's opinion found at 37 Neb. 608, 56 N.W. 205 (1893). A portion of the court's syllabus is as follows: "*Held*, . . . Third, that the holder was under no legal obligation to notify the maker that by reason of the default he had elected to declare the whole note due . . . ." That part of the opinion pertinent to this ruling states at 609-11, 56 N.W. at 206: "The plaintiff in error, in his petition . . . set[s] out the fact that Brown had made default in the payment of seven of the installments, and that he, the plaintiff in error, for that reason, elected to declare the whole debt due. . . .

. . . .

". . . The promise of Brown to pay this note in installments was absolute, and a failure on his part left it wholly optional with the holder to declare the entire debt due, and Brown was not entitled to *notice in advance* that, if he failed to pay any installment, the

holder would insist upon his right to the whole debt." (Emphasis supplied.)

We agree that in order to take advantage of an optional acceleration provision on a promissory note, the holder of the security must take some affirmative action evidencing his election to do so. At this time we hold that the filing of a petition alleging such election is a clear and unequivocal manner of declaring the holder's intention to take advantage of the optional acceleration provision and declare the entire debt due. This is in no manner inconsistent with the rule laid down in *State Security Savings Co. v. Pelster, supra.* The plaintiff Tesoro is entitled to a judgment against Schmidt in the full principal amount of the note, together with the accrued interest.

The judgment of the District Court in favor of Schmidt is reversed and the cause is remanded with directions to enter judgment for Tesoro in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.