Larkin, J.
Plaintiff corporation brought this action against the corporate and individual defendants on the basis of promissory note and ‘ ‘guaranty’ ’ signed by the defendants. Following a trial the District Court entered judgment for the plaintiff against the individual defendant, Joseph F. Noone, Jr., for the unpaid balance of the note, interest and attorney’s fees. The action against the corporate defendant was dismissed for lack of proper service. The only question before us here relates to the individual defendant, Noone. That question raises the issue of whether there was substantial evidence to support the finding of the trial judge that Noone, in affixing his signature to the guarantee, intended to be bound for the debt in an individual as well as a representative (corporate) capacity.
The facts of record show that the plaintiff corporation was a manufacturer of synthetic thread, having its principal place of business in Paxton, Massachusetts. The President and Chairman of the Board of Directors was one Stuart Robinson. The corporate defendant, “Easy-Line Arts, Inc.,” now defunct, was located in Palmer, Massachusetts at the time of the operative events involved here. The individual defendant, Joseph F. Noone, Jr., is its President. The record shows that Easy Line-Arts, Inc., had been a customer of the plaintiff for many years. In the spring of 1980, it owed the plaintiff $14,309.57 for some seven shipments of merchandise sold and delivered from October 1979 to May 28, 1980. At about this time, Robinson had a series of discussions with Noone in which he expressed growing concern about the outstanding balance. During the course of these discussions, Noone said to Robinson, “Don’t worry. I’ll personally guarantee it.” Robinson, then inquired of Noone if he would execute a note-to this effect and Noone agreed. Robinson immediately had such a note prepared by an attorney and mailed to Noone. By mid-July 1980, when Noone had not executed and returned the note to the plaintiff, Robinsop called him again and was again assured that it would be signed and mailed. According to testimony credited by the trial judge, Noone stated to Robinson that: “We are thin in cash” but, again, “I will personally guarantee it.”
The record establishes that from at least the Spring of 1980, in the light of the *317 continuing and conspicuous unpaid balance, Robinson had cautioned Noone that he would be constrained to turn the account over to a collection agency if payment was not forthcoming. In the light of the perduring non-action on the part of Noone, in August, Robinson did indeed forward the account to a collection agency and informed Noone of this fact. Shortly therafter, the executed note was, at last, received by the plaintiff. As returned by Noone, the note bore the date of July 1980, the date which was on the note as originally prepared by the plaintiff. (A space had been left on the note for inserting the day but this was left blank as returned by Noone in September.) In configuration and content the instrument was as follows: The first page of the typed note identified the maker as “Easy Line-Arts, Inc.,” acoiporation of Palmer, Mass, and the payee as the Robinson Thread Company, Inc. The face amount was for the same amount as the balance due for the merchandise which had been previously sold and delivered, $14,309.57. The note contained the additional terms that it was due and payable on April 30,1981, with interest at 18% and a reasonable attorney’s fee in case of default. At the bottom of the page the typed signature appeared as follows:
Easy Line-Arts, Inc.
by
President
Joseph F. Noone, Jr. signed his name in the space provided and added the date - “9/11/80”. Below the signature in a separate paragraph at the bottom of the page and continuing on to the second page, appears the language of guarantee reading in part:
“Each person who endorses this note guarantees the prompt payment in full when due of any and all sums hereunder.: .(and concluding) or to the addition obr release of any other party or persons primarily or secondarily liable.”
At the end of this paragraph, there was a line for signature and beneath the line there appeared the typed (individual) name of Joseph Noone. Noone affixed his signature on this line above his typed signature. However, beneath the signature and adjacent to his typed name, he added, in hand-printing, the legend: “PRESIDENT EASY LINE-ARTS, INC. (and the date) 9/11/80.”
The note was never satisfied in whole or in part and the present suit ensued.
It is clear that the sole question here is whether the defendant Noone succeeded in delimiting his personal liability by his actions in adding the hand-printed legend, described above, to the instrument as originally prepared and sent to^him by the plaintiff for his individual signature (so far as the guarantee facet of the instrument).
As indicated above, on the total record, the trial judge made the ultimate finding that, notwithstanding the addition of the legend, Noone, so far as legal liability is concerned, executed the note in both a representative as well as personal capacity and that, accordingly, he was personally liable for its payment. We believe that there is abundant evidence in the record to support this conclusion.
As a starting point we note the UNIFORM COMMERCIAL CODE provides that the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity ‘ ‘ except as otherwise established” G.L. c. 106, § 3-403(3). Further, it is expressly *318 recognized that parol evidence is admissible in litigation between the immediate parties to determine in which capacity a signature is made, See Comment 3 to Sec. 3-403. And, all the attendant circumstances are properly considered in determining the personal liability of the maker. Re Laskin 316 F. 2d 70 (3rd Cir.1963). As it was his province so to do, here the trial judge, taking account of all the circumstances, properly concluded that individual liability had indeed been “otherwise established.”
Following the close of the evidence, the defendant submitted four requests for rulings. The Court allowed each of these requests but, then, in its separate findings of fact, and, as an ultimate finding, concluded that Noone was individually bound on the guarantee. On appeal, defendant argues that there is a flawed and fatal inconsistency in these actions of the trial judge which amount to reversible error. We disagree.
Rather, we agree with counsel for the plaintiff (appellee here) that the defendant’s requests for rulings set forth essentially correct statements of law when considered in the abstract. However, they disregard and omit the equally applicable (and in this case more cirtical) principle established in G.L. c.106, § 3-403(3), supra. That is the principle that evidence is admissible to establish that an agent is personally liable despite the fact that accompanying his signature are the name of the principal and the asserted fact of his putative representative capacity.
To be sure, in the absence of evidence to otherwise establish his personal liability, then the manner in which Noone signed the guaranty here would indeed bar personal liability and allowance of his requests would require judgment to be entered for him. However, on the record in this case these requests overlook the fact that evidence may, and in this case did, disprove what would otherwise have been a signature in a representative capacity Trenton Trust Co. v. Klausman, 222 Pa.Sup 400, 296 A.2d 275 (1972). Such other evidence was introduced here and, therefore, there is nothing inconsistent with allowing these requests and finding for the plaintiff.
Moreover, it seems clear to us that the guaranty would make no sense and would be totally superfluous if interpreted as being signed by Noone in a purely representative capacity. The corporation would merely be guarantying its own obligation as maker of the note. Cf. Elkay Mfg. Co. v. Chasco Supply Co., 219 530, 535, 281 A.2d 765, 767 (1971). Here the note and the guaranty are ambiguous and therefore surely require the consideration of parol evidence in order to determine the capacity in which Noone actually signed the guaranty. As noted above, the evidence here clearly shows that in all the discussions between the parties, Noone promised to personally guaranty the note. In reliance on this promise, plaintiff prepared the note and guaranty in such a manner so as to clearly reflect their understanding. Further discussions after Noone received the note reinforced this understanding. His mere unexpressed and unilateral intention at the moment of signing cannot undermine the parties' previous agreements. Cf. Tesoro Petroleum Corp. v. Schmidt, 210 Neb. 537 (1982). Again, in our view the trial court’s subsidiary findings clearly warrant the general finding that Noone’s signature was established to be in other than a representative capacity. See Corbin v. Safety Container Corp., 93 Montg. Co. L.R. 22 (Penna.).
In summary, we fully agree with the trial judge who concluded:
Noone’s addition to his signature on the guarantee, reading 'PRESIDENT EASY LINE-ARTS, INC.’ did not, under all the attendant circumstances, restrict or negative personal liability. To hold other *319 wise, would deprive the personal nature of the guarantee clause of all meaning. Noone was a businessman with extensive experience who solicited Robinson to delay the satisfaction of the debts of this hard pressed corporation for over nine months, in return for a personal guarantee of eventual payment.
For all the foregoing reasons, the judgment of the trial court is affirmed.