# CASES

# SUPREME JUDICIAL COURT,

# COUNTY OF KENNEBEC,

## 1849.

---

### FREEMAN STOWE & al. *versus* SAMUEL S. COLBURN.

Promissory notes, made payable at a time and place certain, are not affected by the statute of 1846, chap. 218.

That enactment applies only to notes payable at a place certain, on *demand* at or after the expiration of a time specified.

ASSUMPSIT on a promissory note, dated July 27, 1847, payable " *at Boston six months after date.*"

By due course of mail the defendant received from the plaintiffs, a letter dated and mailed at Boston, Jan. 18, 1848, from which the following is an extract : — " If you can possibly send us the amount of your note or a part of it, on the receipt of this, it will greatly oblige us."

By due course of mail the plaintiffs received from the defendant a letter dated and mailed Pittston, January 24th, 1848, of which the following is an extract : — " Yours of the 18th was duly received. I cannot pay the whole of that note until spring, but I will send you part of it next week."

Afterwards, by due course of mail, the plaintiffs received a second letter from the defendant, dated and mailed at Pittston, February 3, 1848, of which the following is an extract : — " I hope you will wait patiently a short time longer. I think I can

send you a part of it very soon, but I cannot say certain." The mail goes from Pittston to Boston in a little short of twenty-four hours. The note was received by the plaintiffs' attorney in Gardiner, by mail, on the morning of the 9th February, 1848, and was sued the same day.

The parties agreed to submit the case to the decision of the Court, on the foregoing statement.

*Danforth* and *Woods*, for the plaintiff.

The defendants should be defaulted. The note is not within the statute of 1846, chap. 218, not being a note payable on *demand* at a place certain, or on *demand* at a place certain after or at the expiration of a specified time, but payable *absolutely* at the expiration of a specified time. The distinction may be a nice one, but the Legislature must have intended it, or they would have said at once, " all notes payable at a place certain."

Again, this note is not payable at a *place certain* as contemplated by the statute. The statute contemplates a note payable at some particular place of business, where a demand could be made effectually. This is payable in Boston generally, the same in effect as though payable in Massachusetts or the United States.

A demand made in Boston would certainly be indefinite and useless to the defendant, for whose benefit the statute was undoubtedly passed.

Again, if a demand was necessary, it was waived by the letters of the defendant, as decided, in principle, in the following cases, *viz.*:—*Taunton Bank* v. *Richardson*, 5 Pick. 436 ; *Boyd* v. *Cleaveland*, 4 Pick. 525 ; *Lane* v. *Steward*, 20 Maine, 98.

*Chadwick*, for defendant.

The note is within the statute of 1846, chapter 28, being a note payable on demand at a place certain, after or at the expiration of a specified time. It is not necessary that the word " demand," should be written in the body of the note. It is

sufficient that the legal effect, of the time of payment passing is, that the note becomes payable whenever demanded. The Legislature intended that makers of promissory notes might be enabled to protect themselves from unnecessary costs. That the parties, at the time of the making of the note, understood Boston to be a place certain, is shown by the rehearsal of the maker's residence in the body of the note. There was no waiver, made in the defendant's letters. Story on Promissory Notes, § 229, page 268, and § 231, page 277.

Tenney, J. — Prior to the statute of 1846, chap. 218, in an action on a promissory note, made payable at a time and place certain, no averment or proof of a demand was necessary on the part of the holder ; but if the maker was ready to make payment at the time and place specified, such would be matter of defence. *Bacon* v. *Dyer*, 3 Fairf. 19 ; *Remick* v. *O'Kyle & al., ibid.* 340. And when a note was payable on demand at a particular place, no averment or proof of a demand was necessary to entitle the holder to maintain an action upon such note ; but a readiness of the maker to pay at the place, when a suit was brought upon such note would be a defence. *McKenney* v. *Whipple*, 21 Maine, 98.

By the statute referred to, it is provided, that in an action on a promissory note payable on demand at a place certain ; or on demand at a place certain, after or at the expiration of a specified time, the plaintiff shall not be entitled to recover, unless he shall prove a demand to have been made at the place of payment, before the commencement of the suit.

On a fair construction of a note payable at a place certain and at a fixed *future* time, without the words " on demand," those words are not implied, and the note since the statute, is an essentially different contract from one in which those words are inserted. In a note of the latter description, a demand is a condition precedent, to the right to commence and maintain an action thereon. The import of those words is, that the maker shall have an opportunity to fulfil his promise upon notice, at the time and place. But in one of the former char-

acter he reserves to himself no such privilege ; the promise is absolute and unconditional, that he shall make the payment at the time and place mentioned. *According to the agreement of the parties* **Defendant defaulted.**