Argued July 8, affirmed September 13, 1977

ARNOLD et ux, *Appellants,*
*v.*
FECHTEL, *Respondent.*
(No. 74-6296, SC 24711)
568 P2d 659

Robert L. Ackerman, of Ackerman & DeWenter, Springfield, argued the cause and filed a brief for appellants.

Gary Williams, Eugene, argued the cause for respondent. On the brief were John E. Jaqua and Jack Mattison, of Jaqua & Wheatley, P.C., Eugene.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent and Linde, Justices.

HOWELL, J.

## HOWELL, J.

This is an action for damages for legal malpractice. The defendant attorney represented the plaintiffs in this case in an earlier real property foreclosure suit in which they were the defendants. At the time of that foreclosure suit, plaintiffs were in default under their land sale contract in that they had missed one payment on the purchase price and had allowed the taxes on the property to become delinquent. The trial court decreed foreclosure. In this case, plaintiffs contend that defendant was negligent in not raising an issue of waiver with respect to the installment payment and in not relying upon an alleged ambiguity in the default clause of their contract as it related to their failure to pay the property taxes. The trial court granted defendant's motion for summary judgment, and plaintiffs appeal. We affirm, for we find that, as a matter of law, plaintiffs had no meritorious defense to the earlier foreclosure suit and, therefore, that any alleged negligence on defendant's part could not have been the cause of plaintiffs' damage.

We will not discuss the waiver issue in this case because, even if we assume that a waiver occurred with respect to the installment payment, the defendant would still have been entitled to prevail on his motion for summary judgment if the plaintiffs had no defense to their failure to pay the delinquent taxes in the previous suit. The failure to pay those taxes as required would alone have been a sufficient basis for a decree of strict foreclosure. *See Kincaid v. Fitzwater,* 257 Or 170, 474 P2d 742, 477 P2d 712 (1970); *Blondell v. Beam,* 243 Or 293, 413 P2d 397 (1966).

Plaintiffs admit that the property taxes were delinquent at the time the previous foreclosure suit was instituted, but contend that the default clause of the contract was ambiguous with respect to the vendor's remedy in that situation. They argue that this ambiguity gives rise to a question of fact as to whether

the default clause allowed their vendor to foreclose on the basis of the delinquent real property taxes.

The ambiguity alleged by plaintiffs concerns the use of the term "payments above named" in the default clause.[1] Plaintiffs argue that it is reasonable to construe this term to refer only to payments on the purchase price and not to tax payments. Assuming that plaintiffs' argument is valid, however, we do not believe that this ambiguity could have affected the eventual outcome of the foreclosure suit. As this court's decision in *Norton et ux v. Van Voorst et ux,* 191 Or 577, 231 P2d 947 (1951), indicates, even if the default clause did not provide an automatic right to strict foreclosure upon plaintiff's default in their obligation to pay the taxes, plaintiffs' vendor would still have had a right to the remedy of strict foreclosure upon giving notice of his intention to invoke that remedy and providing a reasonable opportunity to cure the breach. *Id.* at 585. While the specific issue in the *Norton* case concerned an attempted forfeiture, a remedy which is usually strictly construed by the courts, we believe that the same reasoning would have to be applied to the more favored remedy of strict foreclosure. If a different result were to obtain, a contract seller like plaintiffs' vendor would have little recourse in a situation of this kind.

In this case, plaintiffs received written notice not

---

[1]The default clause in the contract provided as follows:

"It is understood and agreed between the parties that time is of the essence of this contract, and in case the Buyers fail to make the payments above named, and each and every one of them punctually within 25 days of the time limited therefor and after 5 days written notice, by certified mail, to Buyers of such default, during which same has not been corrected, then the Sellers shall be entitled, at their option, to declare this agreement null and void, declare the whole unpaid principal balance of said purchase price, with interest thereon, at once due and payable or foreclose by suit in equity and in addition the Sellers shall have any other rights afforded by law. In any of such cases, the right and interest of the Buyers by virtue of this agreement shall cease and determine, possession of the said property shall at once be surrendered to the Sellers and all payments theretofore made shall be forfeited to the Sellers as liquidated damages."

once, but on five separate occasions. The last notice informed them that unless the taxes were brought current within five days, suit would be brought for strict foreclosure. After the five-day period elapsed, plaintiffs' vendor waited an additional two weeks before filing suit. No attempt was made by plaintiffs to pay the taxes during this period.

Since plaintiffs' vendor did give written notice of his intent to foreclose in the event that plaintiffs' default in the payment of taxes was not promptly cured, and since plaintiffs did not attempt to cure this default either during the five-day grace period or during the subsequent two-week period prior to the filing of the foreclosure suit, we find, as a matter of law, that reasonable notice was given in this case and that plaintiffs did not take advantage of the opportunity to cure their breach within a reasonable time. *Cf. Grider v. Turnbow,* 162 Or 622, 94 P2d 285 (1939). Correspondingly, we conclude that plaintiffs had no meritorious defense to the previous action, and, therefore, assuming that defendant was negligent in not raising in that suit the issues relied upon by plaintiffs in this proceeding, his negligence could not have been the cause of plaintiffs' damages. The trial court ruled correctly in granting defendant's motion for summary judgment.

Affirmed.