Argued and submitted June 30, 1982, reversed and remanded March 2, reconsideration denied April 14, petition for review denied June 21, 1983 (295 Or 259)

SALISHAN HILLS, INC.,
*Appellant,*

*v.*

KRIEGER et al,
*Respondents.*

(No. 43964, CA A22564)

660 P2d 160

Bennett H. Goldstein, Portland, argued the cause for appellant. With him on the briefs was Stoel, Rives, Boley, Fraser and Wyse, Portland.

Jeffrey N. Barlow, Salem, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

**WARDEN, J.**

Plaintiff appeals from the judgment entered after an order granting a motion for summary judgment in favor of defendants Kent and Sandra Jensen.

Plaintiff brought an action to foreclose a trust deed securing a note made by defendants Krieger and Hershey in favor of plaintiff; the trust deed and note had been assumed by the Jensens.[1] The Jensens raised as affirmative defenses that plaintiff had waived its right "to insist on strict compliance with the time-is-of-the-essence clauses of the note and trust deed" and that plaintiff had "failed to provide defendants with reasonable time within which to cure any default." In a counterclaim, they sought "to enjoin plaintiff to credit defendants' account as if all payments made to the court by defendant had been made and accepted in timely fashion to plaintiff" and "to enjoin plaintiff to accept all future payments by defendants so long as such future payments are made in timely fashion." Both plaintiffs and defendants moved for summary judgment. Defendants' motion was granted, and a judgment was entered dismissing plaintiff's action, ordering the clerk to pay over to plaintiff the amount tendered into court by defendants, ordering plaintiff to credit defendants' account with the sums received from the clerk, ordering plaintiff to accept all future payments from defendants made in accordance with the note and trust deed and awarding costs and attorney's fees to defendants. We reverse.

The facts are not in dispute. On October 1, 1977, Krieger and Hershey executed a note and a trust deed in favor of plaintiff. The note provided for installment payments on the first day of each month beginning on November 1, 1977, and contained the following acceleration clause:

> "if any of said installments is not so paid, all principal and interest to become immediately due and collectible at the option of the holder of this note."[2]

---

[1] Orders of default were entered against defendants Krieger and Hershey before plaintiff's and defendants Jensens' cross motions for summary judgment were filed. Only the Jensens have responded to this appeal, and they will be referred to as defendants.

[2] The trust deed also provided:

Exhibits show that Krieger and Hershey had a history of making payments late and that plaintiff had routinely accepted partial and late payments. On May 31, 1980, defendants assumed the note and mortgage. Their payment history is summarized as follows:

| | Due Date | Received |
|---|---|---|
| 1. | June 1, 1980 | 0 |
| 2. | July 1, 1980 | 0 |
| 3. | - | payment received July 18, 1980, applied to June installment |
| 4. | August 1, 1980 | 0 |
| 5. | September 1, 1980 | 0 |
| 6. | Ocotber 1, 1980 | 0 |

On September 3, 1980, plaintiff sent defendants a letter that stated:

"Your account on Lot 511 is now over two months past due and we must have a $357.00 payment no later than September 10th in order to bring it up to date. * * * We will expect your $357.00 check by September 10th and future $136.99 payments no later than the first of each month beginning October 1, 1980."

As of September 10, 1980, no payment had been received by plaintiff, and on that date a second letter was mailed that provided:

"You assumed the trust deed on Lot 511 on May 31st and since that time we have received one payment from you. On October first there will be $472.74 due on your account * * *. Because it has been more than two months since you have made a payment we must have your $472.74 check no later than October 1, 1980. If payment is not received by that date we will have to consider referring your account to our attorney for collection action and possible foreclosure of your trust deed."

---

"Upon default of grantor in payment of any indebtedness secured hereby or in his performance of any agreement hereunder, the beneficiary may declare all sums secured hereby immediately due and payable * * * [and] at his election may proceed to foreclose this trust deed in equity as a mortgage * * *."

"On or about October 1, 1980," defendants sent plaintiff a check for $236.37. Plaintiff rejected this partial payment and, in a letter of October 8, 1980, notified defendants that it had exercised its "right to declare the entire unpaid balance on the note due and payable" and that payment in full ($8,221.12 together with interest accrued to the date of payment) was expected by October 17, 1980. Defendants then tendered a check for $472.74, the amount due by October 1, 1980. Plaintiff rejected the check and commenced a foreclosure action pursuant to ORS 86.710. After a hearing on the parties' motions for summary judgment, the court concluded that 1) the September 3rd letter did not reinstate the time provisions of the agreement between the parties; 2) there was not reasonable time to clear the default by the letters of September 3rd and 23rd, and, therefore, the attempted foreclosure was premature; and 3) it would not be equitable to foreclose under the circumstances when defendants attempted to make up all back payments and deposited the amount due with the court. Plaintiff challenges each of these conclusions. It contends that: a trust deed is the legal equivalent of a mortgage; mortgage law, as distinguished from land sale contract law, applies; the election to exercise an acceleration clause is not a forfeiture, but a matter of contract; the only notice of the election to accelerate required of a holder of a note with an acceleration option is the commencement of an action to collect the note; and once the promisor is in default and the debt has been accelerated, a reasonable time to cure the default is not required.

■    We agree that ORS 86.710(1) provides that the beneficiary of a trust deed has the option to foreclose the trust deed "as provided by law for the foreclosure of mortgages of real property." However, we do not agree with plaintiff's subsequent contention that the case law of land sale contract foreclosure is not applicable to mortgage foreclosure. It is true that the law of mortgages is mostly statutory and the law governing land sale contracts is largely the product of the common law, but the fact remains that the relationship of the parties under both instruments is based on a contractual agreement that is secured by interests in land. *See Braunstein v. Trottier,* 54 Or App 687, 635 P2d 1379 (1981), *rev den* 292 Or 568 (1982).

Whether an acceleration clause is contained in a note or in a land sale contract, it gives the promisee the same right to declare the entire indebtedness due on a breach of any of the valid and binding conditions of the agreement. 10 Thompson on Real Property § 5125 (1957). The determination that a breach has occurred or that compliance with a provision has been waived will be based on the same principles of contract law. We do not find cases construing acceleration clauses contained in land sale contracts to be distinguishable from the present case on that fact alone.

**2, 3.** Plaintiff contends that notice of its intention to insist on compliance with the time provisions of the note was not required. Defendants argued, and the trial court agreed, that the time-essence provision was waived and that the letter of September 3, 1980 did not constitute the notice required to reinstate the provision. We agree that plaintiff, through its consistent conduct of accepting late payments from defendant and their assignors, had waived the right to be paid on the first day of each month as provided in the note, but we do not agree that the notice of September 3 was insufficient to reinstate the time of payment condition as of October 1, 1980. Plaintiff was required simply to give reasonable notice that thereafter it would insist on strict performance of the contract. *Stinemeyer v. Wesco Farms, Inc.*, 260 Or 109, 487 P2d 65 (1971). The letter was couched in polite terms, "we expect your * * * future $136.99 payments no later than the first of each month beginning October 1, 1980," but clearly conveyed plaintiff's intention to reinstate the "time-essence" provision of the note. No formal legalistic language is required. *Crisp v. Hill,* 42 Or App 631, 601 P2d 814 (1979).[3] We hold as a matter of law that the letter reinstated the time essence provision.

■ The next question is whether plaintiff, having reinstated the payment provisions of the note, gave

---

[3] Defendants also argued that the fact that copies of the plaintiff's letters of September 3 and September 23, 1980, were not sent to their assignors indicates that those letters were not intended to constitute notice to reinstate the time-essense provision. They concede that that "hardly constitutes a defense for the Jensens * * *." Whether it would have served as a defense to defendants' assignors is a question we need not address; they were served with the summons and complaint and defaulted.

defendants a reasonable time to cure the default. Plaintiff contends that even though it was under no obligation to give defendants a reasonable time to cure their default, it nevertheless did so. Defendants argue that, given the previous dealings of the parties, 27 days was not a reasonable opportunity to cure the default. We are not persuaded. Defendants' payment history, the contents of the demand letters and their receipt are not disputed. The question remains whether under *these* circumstances, a reasonable time to cure the default was allowed. *Arnold v. Fechtel,* 279 Or 411, 568 P2d 659 (1977).

On September 3, 1980, defendants were given a week, less delivery time, to remit the $357 then owing on the note. By a letter of September 23, 1980, the time was extended to October 1, 1980. The record shows that defendants were asked to tender a relatively small amount of money to protect their interest in property that was worth, at least to them, approximately $14,000.[4] Defendants chose to ignore plaintiff's demands and remained in default after October 1, 1980. The cases cited by defendants in support of their contention involved far greater amounts in arrears, ineffective notice and less time to pay arrearages. Those cases are not dispositive, and we conclude that under the circumstances presented the time given defendants to cure the default was reasonable as a matter of law.

Plaintiff's final argument is that the court erred in concluding that it would be inequitable to foreclose when defendants had attempted to make up back payments by depositing the amount of their arrearage into court. We agree. It is well-settled that an acceleration clause is not a penalty or forfeiture but a matter of contract, advancing the time when the debt is payable upon the occurrence of a contingency. *Harrison v. Beals,* 111 Or 563, 222 P 728 (1924); Osborne, Nelson and Whitman Real Estate Finance Law 438, § 7.7 (1978). Although a promisee must perform some affirmative act evidencing his intention to exercise his option to accelerate, no formal notice of election is

---

[4] In an affidavit in support of defendant's motion for summary judgment, Kent Jensen stated that defendants had conveyed real property having an equity "of approximately $14,000" as consideration for transfer to them of the property involved in this case.

required. Commencement of a suit to foreclose is sufficient. *Smith v. Owens et al,* 208 Or 154, 300 P2d 423 (1956); *Reid v. Wentworth & Irwin,* 155 Or 265, 63 P2d 210 (1937); *Harrison v. Beals, supra.* Once the debt has been accelerated it cannot be avoided simply by paying the amount past due; foreclosure may be prevented only by tender of the total mortgage debt. *Harrison v. Beals, supra;* Osborne, Nelson and Whitman *supra,* at 436-37. It follows that defendants' tender of the $472.74 after the note had matured and their subsequent deposit into court of the monthly amounts as they accrued could not obviate their default or its consequences.

Having found that the time-essence provision was effectively reinstated, that after a reasonable time to cure defendants still remained in default and that the full amount of the accelerated mortgage was due and owing, we conclude that the trial court erred in granting defendants' motion for summary judgment, dismissing plaintiff's action to foreclose and awarding defendants attorney fees and costs.

Reversed and remanded.