Submitted on briefs at Pendleton May 6, affirmed July 1, 1924.

# E. C. MADDOCK *v.* W. G. McDONALD AND MATTIE J. McDONALD.

(227 Pac. 463.)

**Pleading—Proper to Permit Amendment on Trial.**

1. If there was any doubt as to sufficiency of answer to defeat plaintiff's right to recover costs by reason of defendants' tender of amount claimed to be due, it was proper for court to permit amendment to be made.

**Costs—Tender—Maker must Allege and Prove Ability and Willingness to Pay Note at Time and Place Fixed, in Order to Defeat Right of Holder to Costs and Interest After Maturity.**

2. Burden is on maker of note, in order to defeat right of holder to recover costs and interest accruing after maturity, to allege and prove that he was able and willing to pay note at time

and place fixed, and bring money into court for plaintiff, though plaintiff had not presented note at time and place fixed under Sections 574, 7862, 7879, Or. L.

**Bills and Notes—Maker Entitled to have Notes Surrendered on Payment.**

3. Independently of and under Section 7866, Or. L., maker of negotiable promissory note is entitled, upon paying note, to have it delivered up and surrendered to him.

**Tender—Note Payable at Certain Bank Payable at "Special Place."**

4. A note payable at a certain bank in a certain city was payable at "a special place," within Section 7862, Or. L., relating to presentment of note and tender of payment.

From Gilliam: D. R. PARKER, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the name of *Mr. Charles W. Horner.*

For respondents there was a brief over the name of *Mr. T. A. Weinke.*

RAND, J.—The plaintiff was the holder of three notes, each payable to his order at the Arlington National Bank in Arlington, Oregon. The defendants were the makers of the notes. By its terms, one of these notes became due on August 3, 1923, and by the terms of the other two the interest, but not the principal, became due on said date. The two notes last referred to contained a clause stipulating that if the interest was not paid when due, both principal and interest should, at the option of the holder thereof, become immediately due and collectible. Plaintiff failed to present any of said notes to the bank for payment on that date, and on the day following brought his action to recover the amount of the principal and interest of all three notes.

111 Or.—29

As amended upon the trial, the answer, in substance, alleges that on August 3, 1923, the defendants went to the Arlington National Bank and procured from and deposited with said bank a sufficient sum of money to take up and pay, upon its surrender to them, the first of said notes and the interest then due upon the other two, and at said time were able and willing to pay all that was then due upon said notes; that said notes were not on said date, nor at any time thereafter, presented to or lodged with said bank for payment; that on the following day, and before the commencement of the action, they requested the plaintiff to present said notes to the bank for payment, which the plaintiff failed to do, and that after the commencement of the action they tendered to the plaintiff the amount then due, and upon his refusal to accept the same brought that amount into court and deposited it with the clerk for the plaintiff. These allegations were put at issue by the reply.

Upon the trial the defendants offered the testimony of one of the defendants and of the cashier of the bank, tending to show that they had procured from the bank and deposited with it the money necessary to take up and pay the first of said notes and all of the interest then due upon the other two, and that the bank agreed to pay the notes when presented, and would have paid the same had they been presented. There was no dispute as to the amount due upon the first note or the amount of the interest then due upon the other two notes, and it was admitted that the aggregate of all of these sums was brought into court and deposited with the clerk for the plaintiff. At the close of the trial the plaintiff moved for a directed verdict for the full amount of the prin-

cipal and interest upon all of the notes upon the
ground that the answer did not state facts sufficient
to constitute a defense, and thereupon the defendants
moved and were permitted to amend their answer so
as to make it conform to the facts proved. The
court refused to direct a verdict for the plaintiff for
the full amount of the principal and interest of the
three notes but directed the jury to return a verdict
for the plaintiff for the amount thus brought into
court and entered a judgment in favor of the plain-
tiff for that amount and taxed the costs of the action
against the plaintiff.

1. The plaintiff assigns as error the overruling of
his motion for a directed verdict, the ruling of the
court permitting the amendment, and the entry of
the judgment in favor of defendants for the costs of
the action. Whether the answer, before its amend-
ment, stated facts sufficient to defeat plaintiff's right
to recover costs in the action and to entitle the de-
fendants to a judgment for costs, we are not called
upon to decide. If there was any doubt of its suffi-
ciency for that purpose, it was proper for the court
to permit the amendment to be made, and as so
amended, it was sufficient.

Section 7879, Or. L., provides: "Where the instru-
ment is made payable at a bank, it is equivalent to
an order to the bank to pay the same for the account
of the principal debtor thereon." Section 7862,
Or. L., provides: "Presentment for payment is not
necessary in order to charge the person primarily
liable on the instrument; but if the instrument is by
its terms payable at a special place, and he is able
and willing to pay it there at maturity, such ability
and willingness are equivalent to a tender of pay-
ment upon his part; but except as herein otherwise

provided, presentment for payment is necessary in order to charge the drawer and indorsers." Section 574, Or. L., provides: "When in any action or suit for the recovery of money or damages only, the defendant shall allege in his answer that before the commencement thereof he tendered to the plaintiff a certain amount of money in full payment or satisfaction of the cause of action or suit, and now brings the same into court and deposits it with the clerk for the plaintiff, if such allegation of tender be found true, and the plaintiff do not recover a greater sum than the amount so tendered, he shall not recover costs off the defendant, but the defendant shall recover them off him."

2. In an action against the maker of a promissory note payable at a particular place, it is not necessary for the plaintiff to allege or prove that the note was presented for payment at the time and place of payment. The maker is the person primarily liable, and the failure of the holder to make presentment does not extinguish the debt or discharge the maker's liability upon the note, but when presentment at the time and place fixed in the note has not been made and an action is brought upon the note in order for the defendant to defeat the right of the plaintiff to recover costs and interest subsequently accruing thereon he must allege and prove that he was able and willing to pay the note at the time and place fixed and bring the money into court for the plaintiff. This was the rule before the negotiable instruments law was enacted, and that enactment, so far as it relates to this subject, was merely declaratory of the existing law.

As the proof showed that the defendants were able and willing, at the time and place fixed, to pay

all that was then due upon the notes, and brought into court for the plaintiff the full amount thereof, the court properly overruled the plaintiff's motion for a directed verdict and directed a verdict for the plaintiff for the amount only that he was entitled to.

Plaintiff contends that because the allegation of the answer was that the defendants were able and willing, at the time and place fixed, to pay the amount due upon the first note upon its surrender to them, that this made their alleged ability and willingness to pay conditional upon the surrender of the note and was not according to the terms of the note itself. If we understand what plaintiff means by this contention, it amounts to an assertion upon his part that he was entitled to have this note paid without either producing it or surrendering it to the defendants.

3. The negotiable instruments act, Section 7866, Or. L., provides: "The instrument must be exhibited to the person from whom payment is demanded, and when it is paid must be delivered up to the party paying it." Independently of statute, as well as by the express terms of the statute itself, the maker of a negotiable promissory note is entitled, upon paying the note, to have it delivered up and surrendered to him, for otherwise the note being negotiable, payment to the original payee, if not the holder thereof, would not be a defense to an action brought against the maker by the true holder of the note. The note which matured on August 3, 1923, being payable to order, was negotiable, and the law imposed upon its holder the duty of producing and delivering it to the makers at the time it was paid. Hence, the allegation in the answer to which the plaintiff objects that the defendants were able and willing to pay the note

at the time and place fixed for payment, upon condition of its delivery to them, was not in any way objectionable. It merely required the plaintiff to do what he was bound to do, as a matter of law, when he exacted payment of the note, and this requirement was not, as contended for by plaintiff, in any way inconsistent with the terms of the note itself: See *Tillamook County Bank* v. *International Co.*, 106 Or. 339, 348 (211 Pac. 183); *Case* v. *McKinnis*, 107 Or. 223, 242 (213 Pac. 422).

4. Plaintiff relies upon the case of *Harrison* v. *Beals*, 111 Or. 563 (222 Pac. 728). The distinction between that case and this, is this. In that case the notes there involved were by their terms payable at Tillamook, Oregon, and it was held that, being so payable and not being payable at any particular or special place in Tillamook, Oregon, they were not payable "at a special place" within the meaning of Section 7862, Or. L. The notes involved in this action were, by their terms, payable at the Arlington National Bank in Arlington, Oregon, which is "a special place" within the meaning of the statute. Hence, in that case it was held that the statutory equivalent or substitute for tender, provided for by Section 7862, was not applicable, while in this case the notes being by their terms payable "at a special place," the statutory equivalent or substitute for tender is not only applicable, but is also controlling.

Plaintiff also contends that it was necessary for the defendants to allege that the funds furnished to the bank for the payment of the notes were deposited with the bank as a special deposit. This contention is foreclosed by the provisions of the statute. The notes were payable at the bank. This was equivalent to an order to the bank to pay them when pre-

sented for the account of the defendants. All that the statute required of the defendants was that they should be able and willing to pay the notes at the time and place fixed in the notes for their payment. It was established by the testimony that the defendants had furnished to the bank sufficient funds to pay all that was due upon the notes and that the bank had undertaken to pay them when presented to it. The ability and willingness of the defendants to pay the notes was thereby established, and this, by statute, was equivalent to a tender of payment. How the funds were deposited was of no importance. So long as the bank had the money and would pay the notes when presented, the requirements of the statute were fulfilled.

Finding no error, the judgment appealed from is affirmed.                                    AFFIRMED.