Argued and submitted June 18, affirmed September 12, 1984

## CITIZENS VALLEY BANK,
*Respondent,*

*v.*

## DOUGLAS ROBINS, INC. et al,
*Appellants.*

(82-2300; CA A30203)

687 P2d 815

John L. Barlow, Corvallis, argued the cause for appellants. With him on the briefs were Peter L. Barnhisel and Fenner, Barnhisel & Willis, Corvallis.

Michael B. Brink, Albany, argued the cause for respondent. With him on the brief were Dean M. Quick and Weatherford, Thompson, Brickey & Powers, P.C., Albany.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendants appeal from a judgment for $31,406.88 plus interest, costs and attorney's fees, on a note that defendant corporation gave plaintiff for a $60,000 loan.

Defendants had failed to pay the note on December 31, 1981, the due date. The parties extended that date to September 30, 1982. After plaintiff demanded payment of the entire balance the parties agreed to another extension. By letter dated October 14, 1982, plaintiff's attorney advised defendants:

> "[T]he principal balance as of today's date on Mr. Robins loan is $31,406.88. Interest is paid current through October 1, 1982, and continues at a rate of 18% per annum. Citizens Valley Bank will accept monthly payments of interest only on the unpaid balance in the sum of $471.10 on or before November 1, 1982, and on or before December 1, 1982. The entire unpaid balance plus accrued interest must be paid on or before January 1, 1983. If either of the monthly interest payments is not made as set forth herein, or if the entire balance plus accrued interest is not paid by January 1, 1983, I have been instructed by the bank to commence litigation immediately. If the above-described payment schedule is complied with, no litigation will be instituted."

The court found, contrary to defendants' claim, that they did not pay the interest payment due November 1, 1982. On November 4, 1982, the Bank sent defendant corporation a notice that a payment was due on November 1, 1982, and requested prompt payment. The trial court also found, contrary to defendants' claim, that they failed to pay the December 1, 1982, interest payment. Plaintiff filed this action on December 2, 1982. On December 29, 1982, and again on the trial date, defendants tendered the principal and interest due on the note but did not tender plaintiff's costs and attorney fees. Plaintiff refused the tenders.

■ Defendants assert that the court erred in ruling that plaintiff was not required to give further notice to defendants after its October 14, 1982, letter before filing suit. They assert that the letter was "rendered ineffective by plaintiff's failure to take any action when the November 1 payment was not received," particularly because, in the past, plaintiff had accepted late payments.

The court did not err. The October 14 letter clearly advised defendants that plaintiff intended to commence litigation if defendants did not comply with the revised payment schedule. Plaintiff's counsel wrote that, if the payments were not made, "I have been instructed by the bank to commence litigation immediately. If the above-described payment schedule is complied with, no litigation will be instituted." Plaintiff's failure to file an action immediately after defendants' failure to pay the November 1 interest payment did not render the October 14 letter ineffective. The terms of the letter did not include a promise of plaintiff not to file if it did not file immediately, but only to accept the payments if timely made. Any obligation that plaintiff may have had to give additional notice if defendants had made late payments after October 14, 1982, is not pertinent, because defendants made no payments after October 14, 1982.[1] Moreover, plaintiff reaffirmed the requirement of prompt payment when it gave defendant corporation a late notice dated November 4, 1982.

■   The court found, and there is evidence to support it, that the corporate defendant did not make either of the interest payments that were due on November 1 and December 1. Defendants assert, however, relying on the doctrine of "equivalent tender," that they tendered sufficient funds to plaintiff before an action was filed to pay the November and December payments. They argue, therefore, that the court erred in awarding costs and attorney fees to plaintiff. The note provided that payments were to be made at plaintiff's Halsey branch. Defendant corporation deposited checks in its checking account at that branch on October 29, 1982, in an amount at least equal to the interest payment due November 1, 1982. It also deposited funds in that checking account on November 29, 1982, in an amount at least equal to the interest payment due December 1, 1982. Defendants argue that these deposits, whether collected or not, constituted "equivalent tender" under ORS 73.6040(3):

> "Where the maker or acceptor of an instrument payable otherwise than on demand is able and ready to pay at every place of payment specified in the instrument when it is due, it is equivalent to tender."

---

[1] Cases cited by defendants where partial payments were, in fact, made are not in point.

We hold that defendants did not satisfy the requirements of ORS 73.6040(3). Defendants had not agreed with plaintiff, to whom the note was owed, to relinquish to it funds in the checking account. Defendants were not "ready," within the meaning of ORS 73.6040(3), to pay the November and December payments to plaintiff and, therefore, did not make an "equivalent tender" of the prescribed amounts. This case differs from *Maddock v. McDonald,* 111 Or 448, 227 P 463 (1924). There the defendant made an "equivalent tender," because it had deposited funds at the bank where payment was due that were sufficient to pay the debt to a third party and the bank had promised the defendant to pay the funds to the plaintiff on prompt presentment of the note.[2]

■ Defendants also argue that the court should have granted costs and attorney fees to them and not to plaintiff, because after the suit was filed they tendered the full amount of principal and interest due on the note. They did not tender costs and attorney's fees. ORS 20.180 requires that "the defendant shall allege in his answer that *before the commencement* [of the action] he tendered to the plaintiff a certain amount of money in full payment or satisfaction of the cause * * *." (Emphasis supplied.) *See also Cloyd v. McPherson,* 283 Or 137, 582 P2d 423 (1978). ORS 20.180 does not require that a plaintiff accept a tender, after it has filed an action, of an amount that does not include costs and attorney fees that have been incurred in connection with the suit.

ORS 73.6040(1), which defendants also cite, does not change the result. It provides:

> "Any party making tender of full payment to a holder when or after it is due is discharged to the extent of all subsequent liability for interest, costs and attorney fees."

The note provides that, if plaintiff institutes an action to collect the note, or any portion thereof, defendant corporation "promises to pay such additional sum as the court may adjudge reasonable as attorney's fees in said suit or action."

---

[2] It is not necessary to decide whether defendants were "able," within the meaning of ORS 73.6040(3), to pay the November 1 and December 1 payments. The checks deposited in the corporate checking account were drawn on banks other than plaintiff and were partially or entirely uncollected at the times payments were due. The trial court did not determine whether there were sufficient collected funds in the account on the payment due dates.

Because plaintiff had filed the action and defendants' tenders thereafter did not include any amounts for plaintiff's reasonable attorney fees accrued to the date of tender, defendants did not make tender of "full payment" within the meaning of the statute.

Affirmed.